UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Case No. 3:25-cr-0130-M |
| | § | |
| ABDUL HAQ KHAN | § | |
| a/k/a Fazal Haq Khan | § | |
| a/k/a Abdul Amiri, | § | |
| | § | |
| *Defendant*. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant's Motion to Sever. ECF No. 46. After consideration of the motion, the response, the applicable law, and the indictment, the Court **GRANTS** the motion for the reasons set forth below.

## I. Background

Defendant Abdul Haq Khan was indicted on two counts on March 25, 2025. ECF No. 1. Count One charges Khan with False Statement in Application for Passport in violation of 18 U.S.C. § 1542. *Id.* at ¶¶ 1–22, 33–34. According to the indictment, in July 2019, Khan represented on an application for a United States passport that he had never used another name, despite allegedly having done so on multiple occasions in the past. *Id.* at ¶ 34. Count Two charges Khan with Wire Fraud Affecting a Financial Institution in violation of 18 U.S.C. § 1343. *Id.* at ¶¶ 23–32, 35–42. According to the indictment, in June 2020 through August 2020, Khan misrepresented the employee count and payroll of his small business when applying

for and receiving funds from a loan under the Paycheck Protection Program ("PPP"). *Id*. at ¶¶ 36–37. The Court set both counts for trial on November 16, 2026, and the defendant filed a Motion to Sever Counts One and Two. ECF No. 46. The government timely responded. ECF No. 49.

## II. Legal Standard

The government may charge a defendant in a single indictment for two or more offenses if they "are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Fed. R. Crim. P. 8(a). "Generally, the propriety of joinder under Rule 8 is to be judged from the allegations of the indictment, which for these purposes are assumed to be true." *United States v. Whittington*, 269 F. App'x 388, 401 (5th Cir. 2008) (quoting *United States v. Chagra*, 754 F.2d 1186, 1188 (5th Cir. 1985)).

## III. Analysis

The Court is persuaded by the Rule 8(a) analysis in Defendant's motion and finds that severance is warranted. To decide whether two offenses are part of a "common scheme or plan" under Rule 8, "the court should look to the relatedness of the facts underlying each offense." *United States v. Osuagwu*, No. 3:16-CR-343-K (01), 2018 WL 1014176, at *2 (N.D. Tex. Feb. 22, 2018) (internal quotation marks omitted). "When there is no substantial identity of facts between the two offenses, then joinder is improper." *Id.*

After reviewing the indictment in this case, the Court finds that the two counts lack a sufficiently close factual connection to be joined. Each count arises from

distinct conduct occurring nearly a year apart, involving Defendant's interactions with different federal programs and agencies, pursuant to entirely unrelated schemes. Count One involves allegedly false representations on a passport application in 2019, ECF No. 1 at ¶¶ 1–22, 33–34, while Count Two involves different allegedly false statements in an application for a PPP loan in 2020. *Id.* at ¶¶ 23–32, 35–42. Based on the allegations in the indictment, the Court sees no underlying factual connection between the two separate schemes.

The government's response does not overcome those differences. The government defends joinder on the ground that the two counts share a general "common scheme or plan" to "defraud[] the United States government." ECF No. 49 at 4. But that argument "generalize[s] the term 'similar' in such a manner as to render it and Rule 8(a) void of any real content." *Osuagwu*, 2018 WL 1014176, at *3 (internal quotation marks omitted). The government also points to "the defendant's identity as Abdul Haq Khan" as the common evidence between the counts. ECF No. 49 at 4. But multiple counts against the same defendant would presumably always require the government to establish the identity of the defendant and, in any event, that common evidence does not establish a "*substantial* identity of facts." *Osuagwu*, 2018 WL 1014176, at *2 (emphasis added).

Accordingly, the Court finds that the two counts as set forth in the indictment are not part of a "common scheme or plan," Fed. R. Crim. P. 8(a), and thus severs Counts One and Two for trial. And "[b]ecause the Court finds that these … charges are improperly joined under Rule 8(a), the Court need not address" the defendant's

alternative argument under Rule 14 that "joinder of the offenses should be severed to prevent prejudice." *United States v. Impastato*, No. CRIM A 05-325, 2007 WL 2463310, at *7 n.25 (E.D. La. Aug. 28, 2007).

## IV. Conclusion

For the reasons above, the Court **GRANTS** Defendant's Motion to Sever Counts One and Two of the Indictment. Trial will proceed on Count One on November 16, 2026. A separate order regarding the trial schedule for Count Two will follow.

**IT IS SO ORDERED** this 11th day of November, 2026.

Kasdin M. Mitchell

KASDIN M. MITCHELL
UNITED STATES DISTRICT JUDGE